| | |
|---|---|
| 1 | Michael P. Hogan (*pro hac vice* application forthcoming) |
| 2 | Thomas A. Shewmake (*pro hac vice* application forthcoming) |
| 3 | Marc C. Levy (*pro hac vice* application forthcoming) |
|  | SEED IP LAW GROUP PLLC |
| 4 | 701 Fifth Avenue, Suite 5400 |
| 5 | Seattle, Washington 98104-7092 |
|  | Telephone: (206) 622-4900 |
| 6 | Email: MikeH@Seedip.com |
| 7 | Email: TomShewmake@Seedip.com |
|  | Email: MarcC@Seedip.com |
| 8 | |
| 9 | Dylan Ruga (SBN 235969) |
|  | STALWART LAW GROUP |
| 10 | 11620 Wilshire Blvd., 9th Floor |
| 11 | Los Angeles, California 90025 |
|  | Telephone: (310) 954-2000 |
| 12 | Email: dylan@stalwartlaw.com |
| 13 | Attorneys for Plaintiffs |
|  | *LF Products Pte Ltd., and LF Centennial Limited* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| LF PRODUCTS PTE LTD, a Singapore corporation, and LF CENTENNIAL LIMITED, a British Virgin Islands corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>BLUMENTHAL DISTRIBUTING, INC., a California corporation, d/b/a OFFICE STAR PRODUCTS, and ANJI BOMEI FURNITURE CO. LTD., a Chinese corporation, f/k/a ANJI BOMEI FURNITURE CO. LTD,<br><br>          Defendants. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT ................................................................................ 1

Plaintiffs LF Products Pte Ltd ("LF Products") and LF Centennial Limited ("LF Centennial") (collectively, "Plaintiffs") for their Complaint against defendant Blumenthal Distributing Inc. ("Blumenthal Distributing") doing business as Office Star Products ("Office Star") (together, "Blumenthal"), and defendant Anji Bomei Furniture Co. Ltd. ("Anji Bomei") (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1. The Court has original jurisdiction of the federal claims raised herein pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

2. This Court has personal jurisdiction over Defendants. On information and belief, Defendant Blumenthal Distributing, doing business as Office Star, regularly conducts business in the State of California and this District, including through its facility located in the State of California and this District, and/or has committed acts of patent infringement in the State of California and this District.

3. Upon information and belief, Blumenthal imports into the United States, and into the State of California and this District, offers to sell, and sells office furniture. That office furniture includes office chairs for use at home or in office and/or commercial settings and, in particular, the Bartlett Executive Chair.

4. Upon information and belief, Blumenthal imports, offers to sell, and sells office chairs into the United States, and into the State of California and this District, including offers to sell, and selling office chairs, including the Bartlett Executive Chair, to a large national retailer.

5. Upon information and belief, Blumenthal regularly conducts business in the State of California and this District. Blumenthal has employees

located in the State of California and this District. The Internet site for Blumenthal is located at www.officestar.net and confirms that its Corporate Headquarters are located in the State of California and this District.

6. At least through the foregoing activities, Blumenthal is doing business in this judicial district, has purposely availed itself of the privilege of conducting business in California and this District, and has established sufficient minimum contacts with the State of California and this District such that Defendants should fairly anticipate being haled into court in the State of California and this District.

7. Blumenthal Distributing, doing business as Office Star, has previously filed at least one lawsuit in the State of California and this District, including *Blumenthal Distributing, Inc. d/b/a Office Star, and Bed Bath & Beyond, Inc. v. Herman Miller, Inc.*, C.D. Cal., Case No. 5:14-cv-01926-JAK-SP, invoking the jurisdiction of, and submitting itself to jurisdiction in, this District.

8. Upon information and belief, Anji Bomei has acted in concert with Blumenthal to manufacture the Bartlett Executive Chair specifically for Blumenthal to import, offer to sell and sell in the United States, specifically, in the State of California and this District.

9. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) - (d), and/or 1400(b).

## NATURE OF ACTION

10. This is a civil action for patent infringement that arises under the patent laws of the United States, Title 35, United States Code.

11. Plaintiffs bring this patent infringement action to protect their intellectual property rights relating to an innovative design for a home or office

chair having a dynamically-flexible back and seat shape that enhances the user's comfort. As such, the patented product is a home or office chair having a dynamically-flexible back and seat to enhance the comfort of one seated in the chair as a user's position in the chair changes.

12. LF Centennial, together with its affiliates, designs, manufactures and markets office furniture products and spends substantial sums to design and develop new products and develop goodwill in the marketplace.

## THE PARTIES

13. Plaintiff LF Products is a company organized and existing under the laws of Singapore, with its principal place of business at 10 Raeburn Park, Block A #03-08 Singapore 088702.

14. Plaintiff LF Centennial is a company organized and existing under the laws of the British Virgin Islands, with its registered office at Box 957, Offshore Incorporation Centre, Road Town Tortola, British Virgin Islands.

15. Upon information and belief, Defendant Blumenthal is a company organized and existing under the laws of the State of California, with its principal place of business at 1901 S. Archibald Avenue, Ontario, California 91761-8548. Blumenthal's publicly available Internet site is located at www.officestar.net.

16. Upon information and belief, Blumenthal Distributing does business as Office Star Products, and purports to have its principal place of business at 1901 S. Archibald Avenue, Ontario, California 91761-8548.

17. Upon information and belief, Defendant Office Star Products is wholly owned and controlled by Blumenthal, and Blumenthal does business as Office Star Products. Office Star Product's publicly available Internet site is located at www.officestar.net.

18.  Upon information and belief, Defendant Anji Bomei is a company organized and existing under the laws of China, and has a primary place of business located at Building 1, Yanggaung Industry District, Dipu Street, Anji County, Zhejiang Province.

## THE PATENT IN SUIT

19.  On March 22, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,289,070 ("the '070 Patent"), entitled "Chair Having A Dynamically-Flexible Back and Seat," to Marcelo Mezzera. LF Centennial is the owner of the '070 Patent by assignment. A true and correct copy of the '070 Patent is attached hereto as Exhibit 1.

20.  LF Products is the exclusive licensee under the '070 Patent.

21.  The '070 Patent covers Plaintiff's Air Chair.

22.  LF Product sells its Air Chair in the United States to major nation-wide retailers.

## COUNT I
### (PATENT INFRINGEMENT - '070 PATENT)

23.  Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24.  Upon information and belief, Blumenthal has infringed and will continue to infringe one or more claims of the '070 Patent, including but not limited to claim 1, pursuant to 35 U.S.C. § 271(a) at least by, without authority, importing into the United States, offering to sell, and selling the product known as the Bartlett Executive Chair, which on information and belief is made in China by Anji Bomei.

25.     Upon information and belief, Blumenthal has infringed at least claim 1 of the '070 patent pursuant to 35 U.S.C. § 271(a) at least because the Bartlett Office Chair includes a chair comprising a back and a seat, said back including a back support having first and opposite sides and standing upwardly from said seat and a lumbar portion against which a user's back is positioned, said lumbar portion being connected to said back support by first and second attachments that are spaced from and located above one another so as to lie on a pivot axis that is established between said first and second attachments and that runs in the same direction as the direction its which the back support stands upwardly from the chair seat, said lumbar portion having a top, a bottom and a curved section lying between said top and said bottom and being spaced in front of said back support by a gap, said lumbar portion rotating back and forth around said pivot axis and tilting towards the first side of said back support or towards the opposite side thereof so that the curved section of said lumbar portion moves into said gap when the user shifts the position of his back against said lumbar portion.

26.     Blumenthal's infringement causes and will continue to cause damage and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

27.     Upon information and belief, Blumenthal has been aware of the '070 patent since approximately July 2016.

28.     Upon information and belief, Anji Bomei manufactures the Bartlett Executive Chair for Defendants in China at its facility located at Building 1, Yanggaung Industry District, Dipu Street, Anji County, Zhejiang Province.

29.     Representatives from LF Products communicated with representatives from Anji Bomei in China regarding the existence of the '070 Patent. Through these same communications, representatives from Li & Fung put

Anji Bomei on notice that the product that became the Bartlett Executive Chair infringed the claims of the '070 Patent. These communications happened at least as early as July 2016.

30. Upon information and belief, following its communications with LF Products' representatives, Anji Bomei made insubstantial changes to the product that became the Bartlett Executive Chair in an attempt to design around the claims of the '070 Patent.

31. Upon information and belief, in the course of doing business with Blumenthal, Anji Bomei informed Defendant that the product that became the Bartlett Executive Chair infringed the '070 Patent and that Anji Bomei made changes to the design of the product in an attempt to design around the claims of the '070 Patent. Upon information and belief, Defendants acted in concert in making the insubstantial changes to the product.

32. Upon information and belief, based on the communications with LF Products' representatives, Anji Bomei knew that the product that became the Bartlett Executive Chair infringed the claims of the '070 patent.

33. Upon information and belief, based on Anji Bomei's communications with Blumenthal, Blumenthal also was aware that the product that became the Bartlett Executive Chair infringed the claims of the '070 Patent.

34. On August 31, 2016, counsel for Plaintiffs wrote to Rick Blumenthal, President of Blumenthal Distributing, Inc., putting Blumenthal on notice that the importation, offering to sell or selling the Bartlett Executive Chair infringed the claims of the '070 patent.

35. Upon information and belief, Blumenthal knows, and has known for months, that the product that became the Bartlett Executive Chair infringes the

claims of the '070 Patent, and nevertheless continue to import, offer to sell, and sell the Bartlett Executive Chair in the face of this known risk.

36. Blumenthal's business includes primarily the importing and distributing of office furniture from across the globe and into the United States.

37. Upon information and belief, Blumenthal was motivated to imitate the success of the Plaintiffs' products containing the patented features. Upon information and belief, Blumenthal asked that Anji Bomei copy the patented features of the chairs, as well as the product configuration, in their desire to develop and sell their own copy, the Bartlett Executive Chair, and improperly benefit from, and trade on, the reputation, goodwill, and commercial success of the Plaintiffs' Air Chair.

38. Blumenthal's infringement of the claims of the '070 Patent has been egregious, typifying that of a pirate, and represents culpable conduct that goes beyond typical patent infringement and is, therefore, willful.

39. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT II
### (INDUCEMENT OF PATENT INFRINGEMENT - '070 PATENT)

40. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-39 above as if fully set forth herein.

41. Blumenthal has infringed and will continue to infringe the '070 Patent by inducing direct infringement of the '070 Patent by a large national retailer.

42. As set forth above, Blumenthal was aware of the '070 Patent at least through its communication with its Chinese manufacturer Anji Bomei.

43. Upon information and belief, Blumenthal was aware that its actions of importation, offering to sell, and selling the Bartlett Executive Chair infringe the claims of the '070 Patent.

44. As set forth above, in August 2016, counsel for Plaintiffs put Blumenthal on notice of their infringement when they specifically notified Blumenthal that its Bartlett Executive Chair infringed at least claim 1 of the '070 Patent.

45. Upon information and belief, Blumenthal is importing, offering to sell and selling the infringing Bartlett Executive Chair product to a large national retailer for retail sales to its customers by way of both online and in-store sales channels within the United States and this District.

46. Upon information and belief, Blumenthal has entered into a contract to supply the Bartlett Executive Chair to a large national retailer in the United States and this District.

47. By Blumenthal importing, offering to sell, and selling the Bartlett Executive Chair to a large national retailer, Blumenthal is knowingly inducing that large national retailer to infringe the claims of '070 Patent by that a large national retailer's own conduct of offering to sell, and selling the Bartlett Executive Chair to its customers in the United States.

48. Blumenthal has the specific intent to encourage the infringement of the claims '070 patent by a large national retailer by importing, offering for sell, and selling the Bartlett Executive Chair to that large national retailer. As such, Blumenthal has indirectly infringed and continue to indirectly infringe at least claim one of the '070 Patent under 35 U.S.C. § 271(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in its favor against Defendants as follows:

1. That Defendants be found to have willfully, deliberately, and actively infringed the '070 Patent, both directly and indirectly.

2. That Defendants, and their respective officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained and permanently thereafter from all acts that infringe the '070 Patent directly or by inducement, including being enjoined from importing, using, offering for sale and/or selling the product known as the Bartlett Executive Chair, whether known by any other name and including any insubstantially different variations thereon, that infringe the claims of the '070 Patent.

3. That Defendants be required to prepare and deliver to the Court a complete list of entities to whom such Defendants have sold the product known as the Bartlett Executive Chair, whether known by any other name or any insubstantially different variations thereon.

4. That Defendants be required to prepare and deliver to the Court a full accounting of all products known as the Bartlett Executive Chair, whether known by any other name or any insubstantially different variations thereon, including the price at which they were sold, the date sold and a profit and loss statement for each year in which any infringing activities took place.

5. That Defendants be required to destroy all products known as the Bartlett Executive Chair, whether known by any other name or any insubstantially different variations thereon before a representative of the Plaintiffs.

6.  That Defendants be required to prepare and deliver to the Court a complete list of entities to whom such Defendants have imported, sold or offered to sell the product known as the Bartlett Executive Chair, whether known by any other name or any insubstantially different variations thereon.

7.  That Defendants, within thirty days after receiving notice of entry of judgment, be required to file with the Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraphs 1 through 5, immediately above.

8.  That Defendants account for and pay over to Plaintiff damages sustained by Plaintiff, directly and indirectly, by reason of Defendants' patent infringement.

9.  That Defendants' infringement of the '070 Patent be found willful and that treble damages, together with interest and costs, be awarded under 35 U.S.C. § 284, or as otherwise permitted by law.

10. That Plaintiff be awarded all costs and expenses in this action under 28 U.S.C. § 1920 and under Federal Rule of Civil Procedure 54(d).

11. That the present case be found exceptional and that attorney fees be awarded to Plaintiff under 35 U.S.C. § 285, or as otherwise permitted by law.

12. That Plaintiffs have such other and further relief as the Court may deem equitable.

DATED this 5th day of October, 2016,

          Respectfully submitted,

          STALWART LAW GROUP

          _____
          Dylan Ruga

| | |
|---|---|
| 1 | |
| 2 | SEED IP LAW GROUP PLLC |
|   | Michael P. Hogan |
| 3 | Thomas A. Shewmake |
| 4 | Marc C. Levy |
| 5 | |
|   | *Attorneys for Plaintiffs LF Products Pte* |
| 6 | *Ltd., and LF Centennial Limited* |

COMPLAINT FOR PATENT INFRINGEMENT
................................................................................ 12

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

Respectfully submitted,

STALWART LAW GROUP

_____
Dylan Ruga

SEED IP LAW GROUP PLLC
Michael P. Hogan
Thomas A. Shewmake
Marc C. Levy

*Attorneys for Plaintiffs LF Products Pte Ltd., and LF Centennial Limited*